Turney, J.,
delivered the opinion of the Court.
The judgment of the Circuit Court must be reversed, for error in the admission of incompetent testimony, *200 and for the improper submission of the charge of the Court to the jury. An action of trespass was prosecuted in the Circuit Court of Cocke County, by the defendant in error, against the plaintiffs in error, and others, not before this Court, for the arrest and imprisonment of the defendant in error. Verdict and judgment for defendant in error, and an appeal to this Court.
On the trial, the defendant in error was permitted to prove, (plaintiffs in error objecting,) that “ John Mur-rell” (one of the defendants below) “ bore the name of a rebel.” Allowing for the purposes of this opinion, that it was strictly legitimate to have proven the political status, opinions or sympathies of the defendant, the mode adopted and insisted upon in the Circuit Court, was not the correct one. By it is shown no act, or fact from which a jury may or can legitimately infer any thing. Its submission to the jury, is nothing more nor less, than giving to them the conclusions, or it may be, the mere speculations, of a party or parties, without reference to the question whether they are based upon the conduct of the defendant, or the imagination of the witness. If it is relied upon as proof of character, supposing such testimony to be competent, it has no one constituent of the rule governing the introduction of testimony upon that subject. But in no case can such fact be shown by character, it must be proven as a fact, or such acts of the party as make up the fact, must be submitted to the jury. In other words, it must appear, from positive or circumstantial testimony, and not from speculation or rumor.
*201 The defendant in error was also permitted to prove that McSween, one of the defendants below, “was influential with the rebels.” This error is met by the same objection as the first.
The defendant in error was permitted to prove the declaration of the plaintiff in error, made at the time of, and during the trial of the defendant in error, before one Mims, a' Confederate Lieutenant. The plaintiff in error proposed to prove the declaration of Mims, made at the same time, assigning reasons why he would not, or did not release the defendant in error. Such declarations, if made, were part of the res gestee, and competent, or if not parts of. the res gestee, and therefore incompetent, they were competent as rebutting the effect of the declarations of the plaintiffs in error, made at the same time, and introduced by the defendant in error.
His Honor, the Circuit Judge, in his charge, said to the jury, “The mere omission on the part of the defendants, Smith and McSween, to use their influence to effect the-release of the plaintiffs, is a circumstance, if shown in proof, which may be looked to in connection with the other proof in the cause, in order to determine- whether they are guilty, or not guilty, of the trespass complained of. This was clearly error. We know of no rule requiring one to use his influence to release from arrest, a person in custody of those acting under color of authority. Mims was an officer in the Confederate army, and as such, held in arrest the plaintiff in error, whether rightfully or wrongfully, it is unnecessary for us here to en-quire. He was acting in a military capacity, and was the representative of a government de facto. Besides, it *202 would be a strange and unnatural rule, to require third persons to interfere, at the risk of arrest and imprisonment to themselves, for the release of another. Such rule has no warrant in law, and is contrary to the paramount principle of self-protection.
After his Honor had charged the jury, they retired to consider of their verdict, and in a short time returned into Court, and said they could not agree, and were asked by the Court “if they disagreed as to any portion of the charge, or the testimony of the witnesses.” “They replied that they did not know that they did.” Thereupon, the Court repeated a portion of the charge; the jury returned a second time, and said they could not agree, and the Court, without being called upon, again repeated portions of his charge. It is well enough, when a jury asks for a particular part of a charge upon an indicated 'Subject, for the Court to repeat that part substantially as given. But when a jury merely disagrees as to the result, after weighing the testimony and considering the charge, it is error in the Court to repeat or re-charge disjointed portions of his charge; in such instance, a jury very well may, and we think always will conclude, that the Court means to have them understand that the matter or question, thus disjointedly charged upon, is controlling in the case, and will find accordingly.
Judgment reversed, and cause remanded.